19MAG 5801

Approved: _____
SARAH MORTAZAVI
Assistant United States Attorney

Before: HONORABLE SARAH NETBURN
United States Magistrate Judge
Southern District of New York

------------------------------------x
                                    :
UNITED STATES OF AMERICA            :   COMPLAINT
                                    :
         - v. -                     :   Violations of 21 U.S.C.
                                    :   § 846
ELVIS BISONO,                       :
JONA H. PEREZ, and                  :   COUNT OF OFFENSE:
REYNOR D. HUNGRIA GRITO,             :   BRONX
                                    :
              Defendants.           :
                                    :
------------------------------------x

STATE OF NEW YORK          ) ss:
SOUTHERN DISTRICT OF NEW YORK )

STEPHANIE RAMIREZ, being duly sworn, deposes and says that she is a Special Agent with the Drug Enforcement Administration ("DEA") assigned to the New York Field Division, and charges as follows:

COUNT ONE
(Narcotics Conspiracy)

1. From at least in or about April 2019, up to and including on or about June 18, 2019, in the Southern District of New York and elsewhere, ELVIS BISONO, JONA H. PEREZ, and REYNOR D. HUNGRIA GRITO, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and object of the conspiracy that ELVIS BISONO, JONA H. PEREZ, and REYNOR D. HUNGRIA GRITO, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

1

3. The controlled substances that ELVIS BISONO, JONA H. PEREZ, and REYNOR D. HUNGRIA GRITO, the defendants, conspired to distribute and possess with intent to distribute were (a) 500 grams and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(B); and (b) one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

The bases for my knowledge of the foregoing charge are, in part, as follows:

4. I am a Special Agent with the DEA and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5. Based on my participation in this investigation, including my review of reports and my conversations with other law enforcement officers, I am aware of the following, in substance and in part:

a. Beginning in or around April 2019, law enforcement officers from the DEA became involved in an investigation of ELVIS BISONO, the defendant. During the course of that investigation, Special Agents with the DEA used a confidential source ("CS-1")[1] to arrange to purchase a kilogram

---

[1] CS-1 has been providing information and proactive assistance to law enforcement in the hopes of receiving leniency at sentencing with respect to criminal charges that have since resolved related to weapon possession, narcotics distribution, and Hobbs Act robbery, and for financial compensation. CS-1's information has proved reliable in the past and has led to multiple seizures of narcotics. CS-1's information has also been independently corroborated by, among other things, records in law enforcement databases and T-Mobile records.

of heroin or cocaine from BISONO, which BISONO offered to sell to CS-1.

  b. On or about June 5, 2019, CS-1 and BISONO met in person in Flushings, New York to discuss a future narcotics transaction. During that meeting, which was recorded, BISONO provided CS-1 a substance that BISONO claimed, in substance and in part, was a sample of cocaine that BISONO was willing to sell to CS-1.

  c. On or about June 13, 2019, CS-1 and BISONO met in person in Flushings, New York a second time to discuss a future narcotics transaction. During that meeting, which was recorded, BISONO stated, in substance and in part, that he could sell CS-1 one kilogram of cocaine. CS-1 and BISONO agreed to meet the following week to complete the transaction.

  d. Between on or about June 14, 2019 and on or about June 18, 2019, CS-1 and BISONO communicated by phone to coordinate a date and time to meet so CS-1 could purchase one kilogram of cocaine from BISONO. BISONO and CS-1 agreed to meet on or about June 18, 2019.

  e. On or about June 18, 2019, at approximately 6:30 p.m., BISONO called CS-1 and informed him, in substance and in part, that he was waiting for delivery of the cocaine that BISONO intended to sell to CS-1 later that day.

  6. On or about June 18, 2019, I and other law enforcement officers conducted surveillance of ELVIS BISONO, the defendant, in the Bronx, New York. Based on my personal observations, my review of reports and records, and my discussions with other law enforcement officers, I have learned, in substance and in part, the following:

  a. At approximately 6:45 p.m. on or about June 18, 2019, BISONO was sitting in a vehicle (the "Vehicle") with another individual later identified as JONA H. PEREZ, the defendant, outside a residence in the Bronx, New York (the "Premises"). Another individual ("CC-1") drove up to the Premises. REYNOR D. HUNGRIA GRITO, the defendant, exited the Premises shortly thereafter and took an item from CC-1 (the "Item").

  b. After GRITO collected the Item from CC-1, GRITO and PEREZ entered the Premises. A few minutes later, PEREZ

3

exited the Premises carrying what appeared to be the same Item CC-1 had provided GRITO, and went back inside the Vehicle. GRITO and BISONO subsequently drove away from the Premises. GRITO also exited the Premises, and drove away in a separate car.

        c.    Law enforcement officers followed the Vehicle. A few minutes after the Vehicle left the Premises, those officers used sirens and lights to direct the Vehicle to pull over. Officers observed ELVIS BISONO, the defendant, in the driver's side of the Vehicle, throw what appeared to be the Item out of the window of the Vehicle. The Vehicle then pulled over. Law enforcement officers recovered, on the side of the road, the Item, which had been discarded. The Item contained approximately 460 grams of a substance that field tested positive for the presence of heroin.

        d.    During this time, additional law enforcement officers went to the Premises and obtained consent to search the Premises from an individual who resides in the Premises (the "Resident"). Law enforcement officers searched a bedroom which the Resident stated, in substance and in part, was used by REYNOR D. HUNGRIA GRITO, the defendant. During the search, law enforcement officers found, among other things, approximately 800 grams of a substance that field tested positive for the presence of cocaine, and approximately 250 grams of a substance that field tested positive for the presence of heroin, a scale, grinders, plastic bags, and wrappers.

WHEREFORE, I respectfully request that ELVIS BISONO, JONA H. PEREZ, and REYNOR D. HUNGRIA GRITO, the defendants, be imprisoned, or bailed, as the case may be.

_____
STEPHANIE RAMIREZ
Special Agent
Drug Enforcement Administration

Sworn to before me this
19th Day of June, 2019

_____
THE HONORABLE SARAH NETBURN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK